UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:21-00015 RGK (ADS)                                      Date: April 14, 2021

Title:          *McCarter, Jr. v. Superior Court of California County of Riverside, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):
                  None Present                                             None Present

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR (1) EXPIRATION OF STATUTE OF LIMITATIONS AND (2) FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**EXPIRATION OF STATUTE OF LIMITATIONS**

Plaintiff Clarence James McCarter, Jr., an inmate at Chuckawalla Valley State Prison proceeding pro se, filed a Civil Rights Complaint under 42 U.S.C. § 1983. [Dkt. No. 1]. Plaintiff alleges civil rights violations based on an alleged mistake following Plaintiff's sentencing that resulted in Plaintiff being sent to a maximum-security prison rather than the California Youth Authority. See generally [id.]. That event occurred on or shortly after May 18, 2001. [Id. at p. 5].

Civil rights claims under Section 1983 are subject to the forum state's statute of limitations for personal injury claims. Owens v. Okure, 488 U.S. 235, 236 (1989); Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991); see Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Effective January 1, 2003, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:21-00015 RGK (ADS)                               Date:  April 14, 2021

Title:     *McCarter, Jr. v. Superior Court of California County of Riverside, et al.*

statute of limitations for personal injury actions in California is two years.  Cal. Code Civ. Proc. § 335.1.

Plaintiff's claims appear to arise out of the alleged mistake which sent Plaintiff to a maximum-security prison following his sentencing on May 18, 2001.  [Dkt. No. 1, p. 5]. Plaintiff filed this Complaint on December 30, 2020, which is nearly **eighteen (18) years** past the two-year statue of limitations period for Section 1983 claims.  As such, Plaintiff's claims appear to be time barred by the applicable statute of limitations period.

Plaintiff is hereby **ORDERED TO SHOW CAUSE why this case should not be dismissed based on expiration of the applicable statute of limitations period.**  Plaintiff may respond to this Order to Show Cause by filing either (1) a response that clearly and explicitly states why the claim in not barred by a statute of limitation and/or that he is entitled to equitable or other tolling, along with appropriate supporting facts or (2) filing a request to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

In addition, in response to the question, "[d]id you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?", Plaintiff checked "no."  [Dkt. No. 1, p. 7].  In response to the follow up question, "[i]f no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?", Plaintiff also checked "no."  [Id.].  Further, there are multiple questions that give the plaintiff the opportunity to explain why he did not file a grievance, but in response to each of those questions, Plaintiff indicates "N/A."  [Id. at p. 8].  Based on Plaintiff's statement, it appears the grievance procedure has not been completed, and Plaintiff made no effort to comply with the grievance procedure.

The Prison Litigation Reform Act requires that "no action shall be brought with respect to prison conditions [under Section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:21-00015 RGK (ADS)                               Date: April 14, 2021

Title:       *McCarter, Jr. v. Superior Court of California County of Riverside, et al.*

administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a).  The exhaustion requirement imposed by the PLRA is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001); Porter v. Nussle, 534 U.S. 516, 532 (2002).  All "available" remedies must be exhausted.  Porter, 534 U.S. at 524; see also Booth, 532 U.S. at 739.

Accordingly, all available administrative remedies must be exhausted *prior to* filing suit.  Based on Plaintiff's statements, it appears he did not attempt to comply with the grievance procedure before filing suit.  This does not comply with the requirements of the Prison Litigation Reform Act, and this case is subject to dismissal.

As such, Plaintiff is hereby **ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to exhaust administrative remedies**. Plaintiff may respond to this Order to Show Cause by (a) filing a response that affirmatively states that Plaintiff has fully and completely exhausted all available administrative remedies; (b) filing a response that explains the applicable grievance procedure, Plaintiff's attempts to comply, and whether and how those attempts were unsuccessful; or (c) request to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiff may file one document that fully responds to both of the above Orders to Show Cause.  Plaintiff must file a response by no later than **April 28, 2021**.

Plaintiff is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation to the District Judge that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is further warned that this case may be subject to dismissal if it is clear that Plaintiff's claims are time barred and/or administrative remedies have not been exhausted.

**IT IS SO ORDERED.**

Initials of Clerk kh